CRICHTON, J.,
dissents and assigns reasons.
JiSupreme Court Rule XIX, § 24(E)(4) demands that applicants seeking readmission to the Louisiana Bar recognize the wrongfulness and seriousness of the conduct resulting in disbarment. After his disbarment, Mr. Guirard complained that his punishment was “Draconian,”' dismissed his transgressions as “technical violations,” and claimed the mantle of “poster boy” for “[victims] of government injustice.” Even at his readmission hearing, he characterized the harm to his clients as merely “theoretical.” Clearly, Mr. Gui-rard, even at this late date, fails to recognize the seriousness and wrongfulness of his misconduct. More importantly, he fails to recognize that the actual victims of injustice were his clients. As United States Supreme Court Justice Benjamin Cardozo noted nearly a century ago while sitting as a judge on the Court of Appeals of New York: “Membership in the bar is a privilege burdened with conditions.” In re Rouss, 221 N.Y. 81, 116 N.E. 782, 783 (1917). The most solemn condition of bar membership must certainly be an unwavering commitment to competent representation.
For this reason, I would deny Petitioner’s readmission and would not allow him to reapply for readmission until one year had passed from the date of judgment. La. Sup.Ct. R. XIX, § 24(1).